IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAWRENCE BIRKS,

    Petitioner,　　　　　　　　　　No. CIV S-09-0643 DAD P

  vs.

DAVE L. RUNNELS, Warden,　　　　　ORDER AND

    Respondent.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner, a state prisoner proceeding pro se, commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with the court's March 18, 2009 order, petitioner filed an application to proceed in forma pauperis. He also filed an amended petition.[1]

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

---

[1] Petitioner may amend his habeas corpus petition as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Pursuant to the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Here, petitioner filed his amended petition before respondent served an answer or other responsive pleading. Accordingly, the case will proceed on petitioner's amended petition.

1

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

In his amended petition, petitioner alleges that correctional officers at High Desert State Prison confiscated and disposed of his RCA television in violation of his constitutional rights. Petitioner claims that the officers accepted responsibility for their actions, but they refused to pay him for the cost of the television. Petitioner requests injunctive relief as well as reimbursement in the amount of $197.50. (Pet. at 5-6.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner is advised that habeas corpus proceedings are the proper mechanism for a prisoner seeking to challenge the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Here, petitioner does not challenge the legality of his conviction, a parole proceeding, or other adjudication that has led to his current incarceration. Rather, petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. 42 U.S.C. § 1983; Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991). Accordingly, petitioner is not entitled

/////

to habeas corpus relief, and this habeas action should be dismissed without prejudice to filing a civil rights action.

**CONCLUSION**

IT IS HEREBY ORDERED:

1. Petitioner's March 30, 2009 application to proceed in forma pauperis (Doc. No. 6) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's March 30, 2009 amended petition for writ of habeas corpus (Doc. No. 5) be dismissed without prejudice to filing a civil rights action; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 6, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
birk0643.156